## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **MICHAEL SMITH**<br>　　**Plaintiff** | \* <br> \* <br> \* |
| **v.** | \* <br> \* |
| **DEPUTY TREVON WILLIAMS**<br>**(In his individual and official**<br>**capacity)** | \* <br> \* **CAFN: 3:21-CV-00134**<br> \* <br> \* **DEMAND FOR TRIAL BY JURY** |
| **(FORMER) SHERIFF IRA**<br>**EDWARDS**<br>**(In his individual and official**<br>**capacity)** | \* <br> \* <br> \* <br> \* <br> \* |
| **THE UNIFIED GOVERNMENT**<br>**OF ATHENS-CLARKE COUNTY** | \* <br> \* <br> \* |
| 　　**Defendants** | \* <br> \* |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW, **MICHAEL SMITH**, Plaintiff in the above-styled civil action, and files this, his Complaint for Damages against Deputy Trevon Williams, (Former) Sheriff Ira Edwards, the former duly elected sheriff of the Athens-Clarke County Sheriff's Department and the Unified Government of Athens-Clarke County, collectively referred to as Defendants herein. Plaintiff Michael Smith brings this Complaint for damages under 42 U.S.C. §1983 and the Fourth and Eighth Amendments and Georgia law. Plaintiff Michael Smith shows this Honorable Court the following:

1.

## INTRODUCTION

This is a civil action asserting claims under state and federal law arising from the excessive use of force, assault and battery, and intentional infliction of emotional distress committed upon Michael Smith due to the negligent, deliberate, willful and wrongful acts of the Defendants.  Plaintiff Michael Smith demands a jury trial and seeks an award of economic, compensatory, and punitive damages, as well as an award of attorney's fees and costs.  This is a civil rights action for injunctive and declaratory relief and money damages brought pursuant to 42 U.S.C. §1983.

2.

An excessive use of force violates the U.S. Constitution and provides the basis for this civil rights claim under 42 U.S.C.§ 1983 and the Fourth and Eighth Amendments.

3.

## PARTIES, JURISDICTION AND VENUE

Plaintiff Michael Smith is a resident of Athens-Clarke County, Georgia.

4.

Defendant Trevon Williams, at all times relevant to this action, was acting under color of state law in his individual and official capacities as a deputy sheriff employed by the Athens-Clarke County Sheriff's Department and an employee of The Unified Government of Athens-Clarke County. Upon information and belief, he resides within the Middle District of Georgia and is subject to the personal jurisdiction of this Court. Defendant Trevon Williams is being sued in his individual and official capacity.

5.

Defendant (Former) Sheriff Ira Edwards at all times relevant to this action was the duly elected Sheriff of Athens-Clarke County. At all times relevant to this action, Defendant (Former) Sheriff Ira Edwards was acting under color of state law in his individual and official capacities as Sheriff of Athens-Clarke County. Upon information and belief, (Former) Sheriff Ira Edwards resides within the Middle District of Georgia and is subject to the personal jurisdiction of this Court. Defendant (Former) Sheriff Ira Edwards is being sued in his individual and official capacity.

6.

Defendant The Unified Government of Athens-Clarke County is a county government and a political subdivision of the State of Georgia organized and

existing pursuant to the Constitution and laws of the State of Georgia.  Defendant
the Unified Government of Athens-Clarke County is subject to the jurisdiction of
this Court.  Defendant The Unified Government of Athens-Clarke County may be
served by personal service on Mayor Kelly Girtz at 301 College Avenue, Suite 300,
Athens, Georgia, 30601.  Pursuant to O.C.G.A. § 36-33-1, Defendant The Unified
Government of Athens-Clarke County, has waived it immunity by purchasing
liability insurance for unlawful acts/misconduct of its public officials/law
enforcement officers.

7.

Defendant The Unified Government of Athens-Clarke County acting
pursuant to its governmental authority and under color of State law, operates the
Athens-Clarke County Sheriff's Department.  The policies and practices of the
Athens-Clarke County Sheriff's Department are imputable to Defendant The
Unified Government of Athens-Clarke County.

8.

Plaintiff Smith timely served an ante litem notice upon The Unified
Government of Athens-Clarke County (See Exhibit 1- Ante Litem Notice and
Exbibit 2- Proofs of Service of Ante Litem Notices on Clarke County Officials).

9.

The Athens-Clarke County Sheriff's Department functions under the authority and direction of the duly elected Sheriff of Athens-Clarke County. At the time that the incident giving rise to this litigation took place, the person acting in that role was (Former) Sheriff Ira Edwards.

10.

(Former) Sheriff Ira Edwards was ultimately responsible for training deputies on the proper use of tasers, investigating alleged incidences of improper taser deployment and disciplining deputies who deployed tasers improperly.

11.

This case presents a federal question under 42 U.S.C. § 1983 and the Fourth and Eighth Amendments of the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1343.

12.

Venue is proper in the Middle District of Georgia, Athens Division under 28 U.S.C. § 1391(b)(1) and Local Rule 3.1(B)(2) because Plaintiff Michael Smith resides within this District and Division.

13.

Venue is proper in the Middle District of Georgia, Athens Division under 28 U.S.C. § 1391(b)(1) and Local Rule 3.1(B)(2) because Defendant (Former) Sheriff Ira Edwards resides within this District and Division.

14.

Venue is proper in the Middle District of Georgia, Athens Division under 28 U.S.C. § 1391(b)(1) and Local Rule 3.1(B)(2) because Defendant Trevon Williams resides within this District and Division.

15.

Venue is also proper in the Middle District of Georgia, Athens Division under 28 U.S.C. § 1391(b)(2) and Local Rule 3.1(B)(3) because the action arose within this District and Division.

16.

At all times relevant to this action, the individual Defendants were acting under color of state law and within the course and scope of their official duties.

17.

**FACTS**

On or about June 8, 2020, at approximately 14:59 p.m., Plaintiff was an inmate at the Athens-Clarke County Jail, located in Athens-Clarke County at 3015 Lexington Road, Athens, GA 30605. On the date and time in question, Plaintiff was in Unit 11, E-Pod. Plaintiff was standing in an open bay area along with another inmate. Defendant Williams was the Floor Deputy charged with locking inmates down during this particular incident. Defendant Williams pulled out his taser as he approached Plaintiff. Defendant Williams raised his arm and discharged his taser at Plaintiff's face. (See Exhibit 3- Photo of Defendant Williams Firing Taser at Plaintiff's face).

18.

It is clear from the video of this incident that Plaintiff was not combative, and he did not charge or act violently towards Defendant Williams in any way. Plaintiff was not belligerent, and he did not attempt to cause any injury to Defendant Williams. The video clearly shows Defendant Williams was not being threatened and he was not in any danger.

19.

One of the probes from Defendant Williams' taser struck Plaintiff in his left cheek, puncturing Plaintiff's skin and causing his left cheek to bleed. (See Exhibit

4- Photo of Plaintiff's face). Plaintiff experienced immediate pain in his face; he immediately pulled the probe from his left cheek and dropped it onto the floor. The probe left an abrasion on Plaintiff's left cheek and an abrasion on his lower left eyelid. As a result of being shot in his face with the taser, Plaintiff suffered injuries, which are still ongoing.

20.

Plaintiff did not receive appropriate emergency medical care after being struck in his face with the taser. An Athens-Clarke County Jail nurse placed an alcohol swab on the visible puncture wound and gave Plaintiff a band-aid and a Tylenol and Plaintiff was returned to his cell.

21.

## COUNT I: A VIOLATION OF PLAINTIFF'S CIVIL RIGHTS BY DEFENDANT WILLIAMS

Plaintiff realleges and incorporates all previously numbered Paragraphs as if fully set out herein.

22.

The Fourth Amendment's freedom from unreasonable searches and seizures also encompasses the right to be free from excessive force. Acting under color of state law, Defendant Williams violated Plaintiff's Fourth Amendment right to be

free from excessive force because the use of his taser, under the circumstances, was unjustified, unprovoked, disproportionate and certainly unreasonable.

23.

The Eighth Amendment guarantees protection from cruel and unusual punishment. Acting under color of state law, Defendant Williams violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment because the force was not applied in a good-faith effort to maintain or restore discipline. Deputy Williams firing his taser directly into Plaintiff's face from approximately 5 feet away was reckless, willful, malicious and sadistic and intended to harm Plaintiff.

24.

As a direct and proximate result of the Defendants' unlawful actions, Plaintiff was shot in his face with a taser in violation of his rights under the Fourth and Eighth Amendments.

25.

Because of the violation of his federal civil rights, Plaintiff suffered up to and including twitching in his left eye, pain in his left eye, ringing in his ears, tingling and numbness in his face, an elevated blood pressure, migraine headaches,

dizziness, psychological trauma and mental anguish including depression, panic attacks and nightmares of the assault.


26.

Because of the violation of Plaintiff's federal civil rights Plaintiff is entitled to economic, compensatory and punitive damages against Defendant Williams pursuant to 42 U.S.C. §1983.


27.

## COUNT II: A VIOLATION OF PLAINTIFF'S CIVIL RIGHTS BY DEFENDANTS THE UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY AND (FORMER) SHERIFF IRA EDWARDS

Plaintiff realleges and incorporates all previous paragraphs as if fully set out herein.


28.

At the time of this incident, Defendant Williams was an Athens-Clarke County Sheriff's Department employee acting under color of state law and operating within the scope of his duties. Therefore, under the doctrines of Respondeat Superior, agency and partnership and vicarious liability, The Unified Government of Athens-Clarke County and the duly elected sheriff of Athens-Clarke County are

also responsible for the violation of Plaintiff's Fourth and Eighth Amendment rights.

29.

Acting under the color of state law, Defendant The Unified Government of Athens-Clarke County and Defendant (Former) Sheriff Ira Edwards were deliberately indifferent to the need to maintain current and adequate training on how to properly and safely deploy a taser. Defendant The Unified Government of Athens-Clarke County and Defendant (Former) Sheriff Ira Edwards failed to properly supervise deputies who were armed with tasers, including Defendant Williams.

30.

Defendant The Unified Government of Athens-Clarke County and Defendant (Former) Sheriff Ira Edwards knew or should have known that tasers create a serious risk of injury or even death. The taser is a Conducted Energy Weapon (CEW) designed to disrupt a subject's central nervous system by deploying battery powered electrical energy sufficient to cause uncontrolled muscle contractions and override voluntary motor responses.

31.

The taser causes uncontrollable muscle contractions which incapacitate an aggressive combatant.  The taser fires two probes that are connected to the taser gun by high voltage insulated wire.  When the probes penetrate the target, the taser gun then transmits electrical pulses along the wires and into the body of the subject.  The probes have long sharp prongs that are designed to penetrate clothing and skin. (See Exhibit 5- Photo of a Taser Prong).  The taser was not designed to be fired into someone's face. (See Exhibit 6- Photo of a Taser).

32.

Despite this knowledge, Defendant The Unified Government of Athens-Clarke County and Defendant (Former) Sheriff Ira Edwards failed to ensure its deputies, including Defendant Williams, were aware of consequences that would be meted out in the event a taser was discharged into the face of a noncombatant person who posed no threat.

33.

Defendant The Unified Government of Athens-Clarke County and Defendant (Former) Sheriff Ira Edwards also exhibited a deliberate indifference to Plaintiff's emergency medical needs after he was shot in his face with the taser.

34.

Because of the violation of Plaintiff's federal civil rights Plaintiff is entitled to economic, compensatory and punitive damages against Defendant The Unified Government of Athens-Clarke County and Defendant (Former) Sheriff Ira Edwards pursuant to 42 U.S.C. §1983.

35.

## COUNT III: FOURTH AMENDMENT CONSTITUTIONAL VIOLATION

Plaintiff realleges and incorporates all previous paragraphs as if fully set out herein.

36.

Federal law prohibits the excessive use of force.  The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from excessive force. Vinyard v. Wilson, 311 F.3d 1340 (11th Cir. 2002).

37.

The U.S. Supreme Court held in Graham v. Connor, 490 U.S. 386 (1989), in determining whether a particular use of force is excessive, the question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer.  The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene. Id. at 396  To determine whether

the amount of force used by a police officer was proper, a court must ask whether a reasonable officer would believe that this level of force was necessary in the situation at hand.

38.

Plaintiff posed no threat of harm to Defendant Williams.  Plaintiff was not resisting or attempting to run away from Defendant Williams.  Plaintiff was not combative, and he was not engaged in any type of physical altercation or struggle with Defendant Williams or anyone else.

39.

Any reasonable law enforcement officer, under these circumstances, would conclude that the force used, e.g. the firing of a taser into Plaintiff's face, was excessive, unnecessary and unreasonable.

40.

## COUNT IV: EIGHTH AMENDMENT CONSTITUTIONAL VIOLATION

Plaintiff realleges and incorporates all previous paragraphs as if fully set out herein.

41.

Federal law prohibits cruel and unusual punishment.  The Eight Amendment provides constitutional protections against physically abusive governmental

conduct. After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312 (1986).

42.

In Wilkins v. Gaddy, 130 S.Ct. 1175 (2010), the Supreme Court held that the core judicial inquiry when a prisoner alleges that prison officers used excessive force against [him] is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

43.

Here, Defendant Williams' use of force against Plaintiff, who was an inmate at the Athens-Clarke County Jail, could not possibly have been thought of as necessary under the circumstances. The force certainly was not applied in a good-faith effort to maintain or restore discipline because Plaintiff was not rowdy, combative or belligerent.

44.

Deputy Williams firing his taser directly into Plaintiff's face was a malicious and sadistic use of force that was intended to harm Plaintiff.

45.

As a direct and proximate result of the Defendants' unlawful actions, Plaintiff was shot in his face with a taser in violation of his rights under the Eighth Amendment.

46.

## COUNT V: BATTERY-GEORGIA COMMON LAW

Plaintiff realleges and incorporates all previous paragraphs as if fully set out herein.

47.

Defendant Williams made an intentional, unlawful and harmful physical contact with the Plaintiff on the date giving rise to this cause of action. The physical contact was unwelcomed and without Plaintiff's consent and caused Plaintiff significant physical and emotion injuries. The physical contact caused a cut to Plaintiff's face which caused him to bleed. The physical contact was and is unjustifiable and indefensible.

48.

At the time of this incident, Defendant Williams was an Athens-Clarke County Sheriff's Department employee acting under color of state law and operating within the scope of his duties. Therefore, under the doctrine of Respondeat Superior, agency and partnership and vicarious liability, the Unified Government of

Athens-Clarke County and the duly elected sheriff of Athens-Clarke County are also responsible for the battery upon Plaintiff, which violated Georgia Law.

49.

## COUNT VI: SIMPLE ASSAULT- GEORGIA COMMON LAW

Plaintiff realleges and incorporates all previous paragraphs as if fully set out herein.

50.

By firing his taser directly into Plaintiff's face, Deputy Williams committed an act which placed Plaintiff in reasonable apprehension of immediately receiving a violent injury, which violated Georgia Law.

51.

By firing his taser directly into Plaintiff's face, without justification, Deputy Williams attempted to and did violently injure the Plaintiff, which violated Georgia Law.

52.

At the time of this incident, Defendant Williams was an Athens-Clarke County Sheriff's Department employee acting under color of state law and operating within the scope of his duties. Therefore, under the doctrine of Respondeat

Superior, agency and partnership and vicarious liability, the Unified Government of Athens-Clarke County and the duly elected sheriff of Athens-Clarke County are also responsible for the simple assault upon Plaintiff, which violated Georgia Law.

53.

### COUNT VII: RECKLESS CONDUCT- GEORGIA COMMON LAW

Plaintiff realleges and incorporates all previous paragraphs as if fully set out herein.

54.

By firing his taser directly into Plaintiff's face, without justification, Deputy Williams consciously disregarded a substantial and unjustifiable risk that his conduct would cause harm and endanger the safety of Plaintiff. Deputy Williams' conscious disregard for the substantial and unjustifiable risk constituted a gross deviation from the standard of care which a reasonable law enforcement officer would have exercised in the situation.

55.

At the time of this incident, Defendant Williams was an Athens-Clarke County Sheriff's Department employee acting under color of state law and operating within the scope of his duties. Therefore, under the doctrine of Respondeat Superior, agency and partnership and vicarious liability, the Unified Government of

Athens-Clarke County and the duly elected sheriff of Athens-Clarke County are also responsible for Defendant Williams' reckless conduct, which violated Georgia Law.

56.

## COUNT VIII: AGGRAVATED BATTERY- GEORGIA COMMON LAW

Plaintiff realleges and incorporates all previous paragraphs as if fully set out herein.

57.

By firing his taser directly into Plaintiff's face Deputy Williams maliciously caused bodily harm to Plaintiff.

58.

At the time of this incident, Defendant Williams was an Athens-Clarke County Sheriff's Department employee acting under color of state law and operating within the scope of his duties. Therefore, under the doctrine of Respondeat Superior, agency and partnership and vicarious liability, the Unified Government of Athens-Clarke County and the duly elected sheriff of Athens-Clarke County are also responsible for Defendant Williams' aggravated battery upon Plaintiff, which violated Georgia Law.

59.

## QUALIFIED IMMUNITY

Qualified immunity protects government officials performing discretionary functions from suits for damages brought against them in their individual capacities. Morris v. Town of Lexington. Ala., 748 F.3d 1316, 1321 (11th Cir. 2014).

60.

## CONSTITUTIONAL RIGHTS CLEARLY ESTABLISHED

Plaintiff has a clearly established right to be free from excessive force. At all times relevant to this action, the law was and still is clearly established that a sheriff's deputy shooting a nonaggressive inmate, who posed no threat, in the face with a taser, violates the Fourth and Eighth Amendments of the United States Constitution. In this instance, the Defendants' conduct so obviously violated the U.S. Constitution that prior case law is unnecessary.

61.

Defendant Williams' conduct lies so obviously at the very core of what the Fourth and Eighth Amendments prohibit that the unlawfulness of the conduct was readily apparent to Defendant Williams. This conduct is so egregious that it violates the Fourth and Eighth Amendments on its face. The words of a federal statute or federal constitutional provision may be so clear and the conduct so bad

that case law is not needed to establish that the conduct cannot be lawful. <u>Vinyard v. Wilson</u>, 311 F.3d 1340 (11th Cir. 2002).

62.

## QUALIFIED IMMUNITY INAPPROPRIATE

Defendants are not entitled to qualified immunity due to their conduct. When a sheriff's deputy maliciously and sadistically uses force to cause harm to an inmate, qualified immunity is inappropriate.

63.

Allowing Defendants to assert qualified immunity under these circumstances goes against Plaintiff's fundamental right to be treated with humanity, dignity and decency.

64.

## DAMAGES

Because of the Defendants' unlawful actions, Plaintiff has and will continue to endure twitching in his left eye, pain in his left eye, ringing in his ears, tingling/numbness in his face, an elevated blood pressure, migraine headaches, dizziness, psychological trauma, emotional distress, PTSD, anxiety and mental anguish including depression, panic attacks and nightmares of the assault.

65.

Therefore, due to the pain and suffering directly and proximately caused by the Defendants, Plaintiff is entitled to an award of economic and compensatory damages, in an amount to be determined by the enlightened conscience of an impartial jury of his peers.

66.

## PUNITIVE DAMAGES

The force used by Defendant Williams constituted deadly force in that it could have caused death and did in fact cause serious bodily injuries to Plaintiff. Defendant Williams' conduct shocks the conscience and is indefensible and punitive damages are appropriate.

67.

In addition, Plaintiff is entitled to punitive damages against all Defendants in that their actions were malicious and recklessly disregarded Plaintiff's federally protected constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, on the basis of the foregoing, Plaintiff respectfully prays that this Court:

1. Assume jurisdiction over this action;

2. Hold a trial by jury on all issues so triable;

3. Award punitive, economic, compensatory, general and special damages to Plaintiff against Defendants in an amount to be proven at trial;

4. Award Plaintiff attorneys' fees under 42 U.S.C. §1988;

5. Tax all costs of this action against Defendants pursuant to 42 U.S.C. § 1983; and

6. Award any additional or alternative legal or equitable relief that is just and appropriate.

Respectfully submitted, this 7th day of December 2021.

/s/Malcolm Palmore
Malcolm Palmore
Georgia Bar No. 560203
Attorney for Plaintiff

**PALMORE, BOENIG & ASSOCIATES, PC**
575 Research Drive, Suite C
Athens, GA 30605
706-549-6880 (p)
706-549-6879 (f)
*mpalmore@palmoreboenig.com*